JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
HEMPHILL, JOCELYN A.

**DEFENDANTS**
THE SCHOOL DISTRICT OF PHILADELPHIA

(b) County of Residence of First Listed Plaintiff     Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant     Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Tamika Washington, P.C., 21 S. 12th Street, Suite 100, Philadelphia, PA 19107, (215) 665-9250, twashington@twashingtonlaw.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                      *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product     Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument |     Liability    ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel &     Pharmaceutical     Slander     Personal Injury | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'     Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) |     Liability    ☐ 368 Asbestos Personal ☐ 340 Marine     Injury Product | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product     Liability     Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle    **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle    ☐ 370 Other Fraud     Product Liability    ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | Exchange ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal    ☐ 380 Other Personal     Injury     Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury -    ☐ 385 Property Damage     Medical Malpractice     Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 896 Arbitration ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment    ☐ 510 Motions to Vacate     Sentence | | 26 USC 7609 | State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/    ☐ 530 General     Accommodations | | | |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities -    ☐ 535 Death Penalty     Employment    **Other:** | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities -    ☐ 540 Mandamus & Other     Other    ☐ 550 Civil Rights | ☐ 462 Naturalization Application ☐ 465 Other Immigration | | |
| | ☐ 448 Education    ☐ 555 Prison Condition ☐ 560 Civil Detainee -     Conditions of     Confinement | Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans with Disabilities Act, "ADA" 42 USC Sec. 12101; Family Medical Leave Act
Brief description of cause:
Violations of the ADA and FMLA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  6-22-2015

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JOCELYN A. HEMPHILL | : | CIVIL ACTION |
| v. | : | |
| SCHOOL DISTRICT OF PHILADELPHIA | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (✓)

| | | |
|---|---|---|
| *6-22-2015* | *Tanika N. Washington* | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-665-9250 | 888-811-8925 | twashington@twashingtonlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 7171 N. 20th Street, Philadelphia, PA 19138

Address of Defendant: 440 N. Broad Street, Philadelphia, PA 19130

Place of Accident, Incident or Transaction: Defendant's place of business

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☐

Does this case involve multidistrict litigation possibilities?   Yes☐   No☐

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, Tamika N. Washington_____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 6-22-2015_____   _____   93553
                            Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6-22-2015_____   _____   93553
                            Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

**LAW OFFICES OF TAMIKA WASHINGTON, P.C.**
BY: Tamika Washington, Esquire (Attorney I.D. No. 93553)
21 S. 12th Street, Suite 100
Philadelphia, PA 19107
Telephone: (215) 665-9250                          Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOCELYN HEMPHILL** | : | CIVIL ACTION |
| 7171 N. 20th Street | : | |
| Philadelphia, PA 19138 | : | |
| | : | |
| v. | : | No. |
| | : | |
| **THE SCHOOL DISTRICT OF** | : | |
| **PHILADELPHIA** | : | **JURY TRIAL DEMANDED** |
| 440 N. Broad Street | : | |
| Philadelphia, PA 19130 | : | |

## CIVIL ACTION COMPLAINT

### INTRODUCTION

1. This action for equitable, monetary and other relief is brought by Plaintiff,

   JOCELYN HEMPHILL, hereinafter ("Plaintiff") to redress intentional violations

   by Defendant, SCHOOL DISTRICT OF PHILADELPHIA, of rights secured by

   the laws of the United States and the statutory law of the Commonwealth of

   Pennsylvania.

### JURISDICTION AND VENUE

2. This action is brought pursuant to the Family Medical Leave Act, ("FMLA") 29

   U.S.C. § 2601, *et. seq.*, and the Americans with Disabilities Act ("ADA"- 42

U.S.C. §§12101 *et. Seq.*), and Title VII of the Civil Rights Act of 1964, as amended 1991, 42 U.S.C. Section 2000e, et seq.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

4. Plaintiff properly exhausted her administrative remedies by timely filing a claim of discrimination with the EEOC and PHRC and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter, which was dated March 25, 2015.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, rendering Defendant a citizen of the Eastern District of Pennsylvania.

## PARTIES

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant, SCHOOL DISTRICT OF PHILADELPHIA, is one of the largest school districts in the country, which oversees schools, operations, and employees throughout Philadelphia, Pennsylvania. At all times relevant, Defendant is an employer within the meaning of the applicable legislation cited herein.

8. At all times material hereto, Defendant acted by and through its authorized agents, servants, workers and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with Defendant, and in

furtherance of Defendant's business.

## FACTUAL BACKGROUND

9. Plaintiff incorporates the foregoing paragraphs as though each were fully set forth herein.

10. Plaintiff was hired by Defendant as a general cleaner in or about March of 2002.

11. On or about November, 2009, Plaintiff filed charges of discrimination with the Pennsylvania Human Relations Commission (PHRC) and the Equal Employment Opportunity Commission (EEOC) against the School District of Philadelphia.

12. Plaintiff then filed a lawsuit in this Honorable Court on January 28, 2011, alleging termination on the basis of disability, violations of the Family Medical Leave Act, and retaliation against the School District of Philadelphia.

13. In or about February, 2012, Plaintiff returned to work for Defendant, and was temporarily assigned to Bridesburg Elementary School.

14. Prior to Plaintiff's return to work, Plaintiff had an excellent employee record.

15. In or about July, 2012, Plaintiff was informed that she could no longer work at Bridesburg, and that she should submit a bid for another school.

16. Plaintiff submitted a bid for Roosevelt Middle School, as that school was the only one available at that time.

17. Directly following Plaintiff's transfer to Roosevelt Middle School, Plaintiff received numerous unmerited written reprimands, alleging poor work performance, unauthorized requests for overtime, and insubordination.

18. On October 18, 2012, Plaintiff submitted a note from her doctor to the personnel department and to Kevin Moore, Head of Personnel, which recommended a transfer to another facility for medical reasons.  See doctor's note attached hereto as Exhibit "A."

19. From October, 2012 to April 2013, Plaintiff made multiple verbal and written requests to be transferred to another facility.

20. Personnel refused to transfer Plaintiff.

21. Plaintiff was informed by Derek Parker, Facilities Operations Coordinator, that positions were available for transfer.

22. On May 6, 2013, Plaintiff was sent correspondence indicating a recommendation for disciplinary action at a pre-disciplinary conference, allegedly due to Plaintiff's unsatisfactory job performance and insubordination.  See May 6, 2013 correspondence to Plaintiff, attached hereto as Exhibit "B."

23. In or about July, 2013, Plaintiff was informed by Yvette Young, Facility Operations Coordinator, that she had spoken to Steve Manor, Head of Management, and that Plaintiff would be transferred to another facility.

24. Plaintiff was not transferred.

25. On or about September 23, 2013, Plaintiff was informed by her colleagues that she would not be transferred to another facility.

26. Defendant failed to notify Plaintiff that she would not be transferred.

27. When Plaintiff informed Young of what she learned, Young finally confirmed that Plaintiff would not be transferred.

28. Defendant provided no reason for its refusal to transfer Plaintiff.

29. On or about September 25, 2013, Plaintiff took sick leave from her position. Plaintiff submitted sick cards that covered the period of time she was out.  See Medical Notes attached as Plaintiff's Exhibit C.

30. On October 24, 2013, Plaintiff sent via facsimile Family Medical Leave Act (FMLA) Certification forms to Defendant.

31. Plaintiff received no response from Defendant.

32. On November 8, 2013, Plaintiff again forwarded the required documentation to her employer via certified mail return receipt.

33. On or about November 20, 2013, Petitioner received correspondence from Defendant that a grievance hearing, for violation of School District Sick Leave Policy, was to be held on November 26, 2013.

34. Petitioner was informed during the meeting that the required forms had not been submitted to Defendant.

35. Plaintiff submitted proof that the forms were received by the employer through certified mail.

36. Upon locating the forms, Defendant's representative stated that some of the work dates were missing, and needed to be completed by Plaintiff's physician for Plaintiff to be paid.

37. Defendant gave Plaintiff until December 6, 2013 to submit the completed forms from her physician.

38. The very same day, November 26, 2013, Plaintiff returned to her doctor's office and brought the needed forms directly back to Defendant.   *See* forms attached hereto as Exhibit D.

39. Petitioner had the notes date-stamped and was assured by Defendant's employee, Stephanie Unknown, in Health Services, that the notes were sufficient.

40. Plaintiff supplied Defendant with the name of the receptionist for the doctor's office and facilitated communication between the doctor's office and Defendant's employee, Stephanie Unknown.

41. Plaintiff made numerous calls to Defendant regarding the status of her FMLA request, to no avail.

42. Plaintiff was released to return to work for December 31, 2013 and informed Health Services.

43. Health Services instructed Plaintiff to wait for a date to see the employer's physician, and to bring the doctor's note at that time.

44. After Plaintiff submitted the supplemental forms, Defendant gave no indication to Plaintiff that the FMLA certification forms were insufficient.

45. Plaintiff was terminated via letter on January 6, 2014 for a "violation of sick leave policy," which included failure to submit "additional medical documentation" for her illness. See January 6, 2014 correspondence attached as Exhibit E.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT("ADA")

46. Plaintiff incorporates by reference the foregoing paragraphs as though each were fully set forth herein.

47. Plaintiff has and continues to suffer from qualifying disabilities under the ADA because she still suffers from anxiety, headaches, and irritable bowel syndrome when under extreme stress.

48. Plaintiff's disabilities affect her life activities, and at times affect her ability to concentrate, stand, and walk, along with other life activities. However, at all relevant times herein, Plaintiff could have performed all of her job functions under the accommodations she requested.

49. Plaintiff believes that a transfer to another facility was a reasonable request for accommodation.

50. Defendant refused to accommodate Plaintiff in violation of the ADA.

## COUNT II
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT("ADA")
### (Retaliation)

51. Plaintiff incorporates by reference the foregoing paragraphs as though each were fully set forth herein.

52. Plaintiff returned to work in 2012 following her 2011 lawsuit against Defendant, alleging discrimination in violation of the ADA.

53. Upon information and belief, Defendant retaliated against Plaintiff by issuing unsubstantiated reprimands almost four months after return to work, and immediately upon her assignment to Roosevelt Middle School, due to her past-protected actions under the ADA.

54. Upon information and belief, Defendant retaliated against Plaintiff by refusing to transfer Plaintiff or otherwise accommodate Plaintiff per doctor's orders.

55. As a direct and proximate result of Defendant's violation, Plaintiff has suffered and will continue to suffer a loss of earnings, loss of earning capacity, loss of benefits, pain and suffering, emotional anguish, loss of life's pleasures, and the cost of attorney's fees and litigation costs.

## COUNT III
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### (Retaliation)

56. Plaintiff incorporates by reference the foregoing paragraphs as though each were fully set forth herein.

57. Title VII of the Civil Rights Act of 1964 prohibits retaliation against employees for opposing unlawful discrimination or participating in a protected activity.

58. Plaintiff engaged in a protected activity when she filed an action in the Eastern District of Pennsylvania, alleging discrimination in violation of the ADA, in January, 2011.

59. Plaintiff returned to work for the Defendant in February, 2012 following her 2011 action against Defendant.

60. As set forth above, Plaintiff suffered adverse employment action from Defendant because she reported unlawful discrimination and harassment she received as a member of a protected class.

61. Defendant's conduct in unlawfully retaliating against Plaintiff for reporting unlawful discrimination was deliberate, and was done with malice or with reckless indifference to Plaintiff's federally-protected rights.

62. As a direct and proximate result of Defendant's violation, Plaintiff has suffered and will continue to suffer a loss of earnings, loss of earning capacity, loss of benefits, pain and suffering, emotional anguish, loss of life's pleasures, and the cost of attorney's fees and litigation costs.

<u>**COUNT IV**</u>
**VIOLATION OF THE FAMILY MEDICAL LEAVE ACT  ("FMLA")**

63. Plaintiff incorporates by reference the foregoing paragraphs as though each were fully set forth herein.

64. Plaintiff had been employed by Defendant for more than twelve months and had performed in excess of 1,250 hours of service on behalf of Defendant in the twelve-month period prior to her dismissal.

65. Defendant had employed more than 50 persons for each working day of 20 or more work weeks in 2013 and/or 2014.

66. By virtue of her employment with the Defendant, Plaintiff was entitled to leave from work under the Family Medical Leave Act because she suffered from a serious health condition that her treating physician confirmed.

67. In violation of the Family Medical Leave Act, Defendant failed to notify Plaintiff that her employment would be in jeopardy if she did not return the required forms from her physician, or if the forms did not have the additional information Defendant requested.

68. In violation of the Family Medical Leave Act, Defendant failed to notify Plaintiff that her employment was in jeopardy after Plaintiff submitted the additional information requested, and then submitted a return-to-work letter.

69. As a direct and proximate result of Defendant's violation, Plaintiff has suffered and will continue to suffer a loss of earnings, loss of earning capacity, loss of

benefits, pain and suffering, emotional anguish, loss of life's pleasures, and the cost of attorney's fees and litigation costs.

**WHEREFORE**, Plaintiff, JOCELYN HEMPHILL, demands judgment in her favor and against Defendant SCHOOL DISTRICT OF PHILADELPHIA, and seeks relief as follows:

A.     Defendant is to be prohibited from maintaining its illegal policy, practice or custom of discriminating/retaliating against employees and its to be ordered to promulgate an effective policy against such unlawful acts to and to adhere thereto;

B.     Defendant is to compensate Plaintiff, reimburse and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal conduct, including, but not limited to, past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, seniority, promotions, and pension.  Plaintiff should be made whole by receiving the benefits illegally withheld from the date she first suffered retaliation until the date of verdict;

C.     Plaintiff is to be awarded  punitive or liquidated damages, as permitted by applicable law (s) alleged asserted herein, in an amount appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.     Plaintiff is to be awarded front pay, back pay and punitive damages under

the FMLA;

      E.     Plaintiff is to be awarded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress (as permitted under applicable law(s) asserted herein);

      F.     Plaintiff is to be awarded attorney's fees, expert witness fees and other costs of the action as provided by applicable federal and state law; and

      G.     The grant of such other relief as the Court deems just and appropriate.

      H.     Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38 (b).

Respectfully submitted,

TAMIKA N. WASHINGTON, ESQ.
LAW OFFICES OF TAMIKA WASHINGTON, P.C.
21 S. 12th Street, Suite 100
PHILADELPHIA, PA 19107
(215) 665-9250
(888) 811-8925 (facsimile)
twashington@twashingtonlaw.com

Dated: 6-22-2015

**LAW OFFICES OF TAMIKA WASHINGTON, P.C.**
BY:  Tamika Washington, Esquire (Attorney I.D. No. 93553)
21 S. 12th Street, Suite 100
Philadelphia, PA 19107
Telephone: (215) 665-9250                    Attorney for Plaintiff

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOCELYN HEMPHILL** | : | CIVIL ACTION |
| 7171 N. 20th Street | : | |
| Philadelphia, PA 19138 | : | |
| | : | |
| v. | : | No. |
| | : | |
| **THE SCHOOL DISTRICT OF** | : | |
| **PHILADELPHIA** | : | **JURY TRIAL DEMANDED** |
| 440 N. Broad Street | : | |
| Philadelphia, PA 19130 | : | |

### CERTIFICATE OF SERVICE

I, Tamika N. Washington, Esquire hereby certify that I served a true and correct copy of the foregoing Plaintiff's Complaint to the following party:

School District of Philadelphia
440 North Broad Street
Philadelphia, PA 19130

(Defendant)

_____
Tamika N. Washington, Esquire
Attorney for Plaintiff

Dated: _6-22-2015_

# EXHIBIT "A"

Jocelyn A. Herhill
7171 N. 20 Street
Philadelphia Pa 19138

215-224-1471

# FAX COVER SHEET

**DATE:** 10-18-12

**TO:** Kevin Moore

**FAX #** 215 400-4601

**PAGES:** 2

**COMMENTS:** I need to know what

Schools you can move me to.

MITCHELL A. SCHWARTZMAM, D.O.          WILLIAM GLASSMIRE, P.A.-C.

*Wissinoming Medical Associates, P.C.*
6122 TORRESDALE AVENUE
PHILADELPHIA, PA 19135
215-338-6677

10/9/12

re:
Jocelyn Hemphill

To whom it may concern:

This patient is/remains under my care and REQUIRES a change in building in which she may work. This is a matter of Medical Necessity

Yours Truly,

[signature]

# EXHIBIT "B"

**THE SCHOOL DISTRICT OF PHILDELPHIA**
**FACIITIES AND SCHOOL OPERATIONS**
**440 NORTH BROAD STREET**
**PHILADELPHIA, PA 19130**

**PRE-DISCIPLINARY CONFERENCE LETTER**

Monday, May 6, 2013

Jocelyn Hemphill
Roosevelt Elementary School
430 East Washington Lane
Philadelphia, Pa 19144

Dear Ms. Hemphill:

This letter is to inform you that you are to attend a pre-disciplinary conference on Wednesday, May 8, 2013 at Roosevelt Elementary School in Principals Conference Room at 11:00 am. The purpose of the conference is to discuss a recommendation for disciplinary action, up to and including dismissal, due to your unsatisfactory job performance and insubordination.

1. On April 11, 3013, you were given a verbal warning for unsatisfactory job performance, for refusing to clean a third floor bathroom in your station.

2. On Monday, April 29, 2013, you were given a written warning for insubordination for refusing to carry out a direction to clean outside by your supervisor.

3. On Friday, May 3, 2013, you were given a verbal warning for insubordination for refusing to carry out a direction to clean by your supervisor.

During the conference, you will have an opportunity to provide information about the performance issue described above.

 If you have any questions, please let me know.

Sincerely,

Yvette Young

Cc:   Ralph Zambrano
      Steve Manna
      Kevin Moore
      John Whitehead
      Edward Goode

# EXHIBIT "C"

NOTE: Top and bottom portions of this form must be filled out in their entirety and returned to Health Services to insure continuation of salary.

| REQUEST FOR PERSONAL ILLNESS ABSENCE | THE SCHOOL DISTRICT OF PHILADELPHIA 55 N. 22nd STREET PHILADELPHIA, PA 19103-1396 |
|---|---|

SECTIONS I AND II MUST BE COMPLETED BY EMPLOYEE. CARDS WITH INCOMPLETE INFORMATION WILL NOT BE PROCESSED.
SECTION III MUST BE COMPLETED BY THE PHYSICIAN.
CARDS MUST BE SUBMITTED FOR EACH PAYROLL PERIOD - NOT TO EXCEED 10 DAYS.
EMPLOYEE RECEIVING BENEFITS MAY NOT LEAVE THE CITY WITHOUT APPROVAL FROM EXEC. DIRECTOR OF HUMAN RESOURCES.

### SECTION I – EMPLOYEE

EMPLOYEE NAME: (Last) *Hemphill* (First) *Jocelyn* (Middle) *A*  
SOCIAL SECURITY NO.: *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*  
DATE SIGNED:

ADDRESS: (Street) *7171 N. 20 Street* (Apt. Name) (Apt. No.) (City) *Phila* (State) *PA* (Zip Code) *19138*  
HOME TELEPHONE NO.: (Area Code) *(215) 224-1471*

SCHOOL OR OFFICE:  
ORGANIZATION AND ORGANIZATION NO.:  
POSITION: *General Cleaner*

NUMBER OF DAYS ABSENT:  
FROM: Day – Date – A.M./P.M. *9 26-13*  
TO: Day – Date – A.M./P.M. *10-31-13*  
ANTICIPATED DATE OF RETURN: *12-31-13*

SIGNATURE OF EMPLOYEE: *Jocelyn Hemphill*  
SIGNATURE OF PRINCIPAL OR ADMINISTRATOR:  
DATE:

## THIS CARD DOES NOT REPLACE A REPORT FROM YOUR DOCTOR

SEH-3 PT. 1 (REV. 2/2000) – Comm. Code 61602445418

### SECTION II – EMPLOYEE

EMPLOYEE AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION

I, the undersigned, approve the release of all information regarding this illness for which I am requesting personal illness absence in the Division of Employee Health Services, School District of Philadelphia, 55 N. 22nd Street, Philadelphia, PA 19103-1396. I understand this information will be kept confidential.

SCHOOL OR OFFICE:  
ORGANIZATION NO.:  
POSITION:  
HOME PHONE NO.:

EMPLOYEE NAME: (Please Print)  
EMPLOYEE SIGNATURE:  
SOCIAL SECURITY NO.:

ADDRESS: (Street) (Apt. Name) (Apt. No.) (City) (State) (Zip Code)  
DATE

### SECTION III – CERTIFICATION OF PHYSICIAN (Please enter all requested information, fold and mail when completed)

NAME OF PATIENT: *Jocelyn Hemphill*  
NUMBER OF DAYS ABSENT THIS PAY PERIOD:  
FROM: (Date - A.M./P.M.) *9-26-13*  
TO: (Date - A.M./P.M.) *10-31-13*

I CERTIFY THAT THE ABOVE PATIENT ☒ IS OR ☐ WAS UNDER MY PROFESSIONAL CARE.

FREQUENCY OF VISITS: *11/30/13 MARS*

DIAGNOSIS OR REMARKS: ☐ ILL WITH _____ I.C.D.#_____

☐ DISABILITY DUE TO PREGNANCY - E.D.D. _____  
DATE EMPLOYEE MAY RETURN TO DUTY: *1-30-3013* (DO NOT INDICATE INDEFINITELY)

COMPLICATIONS  
☒ ILLNESS IN FAMILY - (Relationship to Employee) _____  
☐ WHEELCHAIR-BOUND  
(Nature of Illness) *anxiety*  
☐ PORTABLE O²  
DATE EMPLOYEE LAST EXAMINED: *9-26-13/9/13*  
☐ AMBULATORY DEVICES (EXPLAIN): _____

PRINTED NAME OF PHYSICIAN: *Mitchell Schwartzman* M.D. D.O.  
ADDRESS: *6100 Tornsdale Ave Phila PA*  
DATE SIGNED: *10/04/13*

SIGNATURE OF PHYSICIAN: M.D. D.O.  
TELEPHONE NO.: *215-338-6677*

SEH-3 PTS. 2 & 3 (REV. 2/2000) – Comm. Code 61602445418

# EXHIBIT "D"

CHELL A. SCHWARTZMAN, D.O.          WILLIAM GLASSMIRE, P.A.-C.

*Wissinoming Medical Associates, P.C.*
6122 TORRESDALE AVENUE
PHILADELPHIA, PA 19135
215-338-6677

To whom it may concern,

Our patient Jocelyn Hemphill is being treated at our office for anxiety which is causing headaches. We gave her medication and had her follow up with neurology. Any questions or concerns, feel free to contact our office.

RECEIVED
NOV 20 2013
EMPLOYEE
HEALTH
SERVICES

Michele A. Schwartzman
D.O

NOTE: Top and bottom portions of this form must be filled out in their entirety and returned to Employee Health Services to insure continuation of salary.

| REQUEST ABSENCE FOR<br>PERSONAL ILLNESS / ILLNESS IN FAMILY | THE SCHOOL DISTRICT OF PHILADELPHIA<br>EMPLOYEE HEALTH SERVICES - SUITE 134<br>440 N. BROAD STREET - PHILADELPHIA, PA 19130 |
|---|---|

◆ A CARD MUST BE SUBMITTED FOR ABSENCES IN EXCESS OF 3 CONSECUTIVE DAYS- ONE CARD FOR EACH PAYROLL PERIOD, NOT TO EXCEED 10 DAYS.
◆ FAILURE TO SUBMIT CARDS MAY LEAD TO DISCIPLINARY ACTION.
◆ EMPLOYEES ON LONG-TERM ILLNESS/ILLNESS IN FAMILY MAY NOT LEAVE THE CITY WITHOUT PRIOR APPROVAL FROM EMPLOYEE HEALTH SERVICES.

▶ SECTION I - (SECTIONS I AND II COMPLETED BY EMPLOYEE)

| Employee's Last Name | First Name | M.I. | Social Security No. | Date |
|---|---|---|---|---|
| Hemphill | Jocelyn | A | | |

| Home Address | City | State | Zip Code | Home Phone |
|---|---|---|---|---|
| 7171 N. 20th St. | Phila. | Pa. | 19138 | 215-224-1471 |

| Work Location (School/Office) | Organization No. | Position Title |
|---|---|---|
| Roosvelt School | | General Cleaner. |

| Number of Day Absent | From Date ( Month/Day/Year ) | To Date ( Month/Day/Year ) | Anticipated Date of Return |
|---|---|---|---|
| | | | 12-31-13 |

| Signature of Employee<br>X Jocelyn Hemphill | Signature of Principal/Administrator (Employee not required to obtain signature) | Date<br>11/26/13. |
|---|---|---|

= = = THIS CARD DOES NOT REPLACE A MEDICAL REPORT FROM YOUR DOCTOR = = =

SEH-3 Part 1 (Rev. 1/09) Comm. Code 61602445418

▶ SECTION II - AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION - ALL INFORMATION WILL BE KEPT CONFIDENTIAL

☑ FOR EMPLOYEE ILLNESS

I, the undersigned, authorize the release of all information regarding this illness to the Office of Employee Health Services, for which I am requesting personal illness absence

Name of Employee: Jocelyn Hemphill

Social Security No.

Signature: Jocelyn Hemphill   Date:

☐ FOR ILLNESS IN THE FAMILY

RECEIVED NOV 2013 EMPLOYEE HEALTH SERVICES

Name of Employee:

Name of Family Member:

Relationship to Employee:

▶ SECTION III - COMPLETED BY EMPLOYEE'S PHYSICIAN OR FAMILY MEMBER'S PHYSICIAN

Name of Patient: Jocelyn Hemphill

Date of Last Visit: 10/5/13

I certify that the above patient is / was under my professional care from (date) 9/26/13 to 12/1/13 10/18/13

The patient's diagnosis/diagnoses: anxiety

___ Disability From Pregnancy (EDD:_____)

= = = FORGERY OF PHYSICIAN'S SIGNATURE IS SUBJECT TO DISCIPLINARY ACTION = = =

| Physician's Name: Mitchell A. Schwartzman | Telephone: 215-338-6677 | Date employee may return to work<br>(Do not indicate indefinitely) |
|---|---|---|
| Address: 6122 Torresdale   City: Phila | State: Pa   Zip Code: 19135 | |
| Signature: | Date: 11/26/13 | 12/31/13 |

SEH-3 Part 2 (Rev. 1/09) Comm. Code 61602445418

NOTE: Top and bottom portions of this form must be filled out in their entirety and returned to Employee Health Services to insure continuation of salary.

| REQUEST ABSENCE FOR **PERSONAL ILLNESS / ILLNESS IN FAMILY** | THE SCHOOL DISTRICT OF PHILADELPHIA EMPLOYEE HEALTH SERVICES - SUITE 134 440 N. BROAD STREET - PHILADELPHIA, PA 19130 |

♦ A CARD MUST BE SUBMITTED FOR ABSENCES IN EXCESS OF 3 CONSECUTIVE DAYS- ONE CARD FOR EACH PAYROLL PERIOD, NOT TO EXCEED 10 DAYS.
♦ FAILURE TO SUBMIT CARDS MAY LEAD TO DISCIPLINARY ACTION.
♦ EMPLOYEES ON LONG-TERM ILLNESS/ILLNESS IN FAMILY MAY NOT LEAVE THE CITY WITHOUT PRIOR APPROVAL FROM EMPLOYEE HEALTH SERVICES.

▶ **SECTION I - (SECTIONS I AND II COMPLETED BY EMPLOYEE)**

| Employee's Last Name | First Name | M.I. | | Date |
|---|---|---|---|---|
| Hemphill | Jocelyn | A. | | 11/26-13 |

| Home Address | City | State | Zip Code | Home Phone |
|---|---|---|---|---|
| 7171 N. 20th St | Phila. | Pa. | 19138 | 215-224-1471 |

| Work Location (School/Office) | Organization No. | Position Title |
|---|---|---|
| Roosvelt School | | Gen Cleaner |

| Number of Day Absent | From Date ( Month/Day/Year ) | To Date ( Month/Day/Year ) | Anticipated Date of Return |
|---|---|---|---|
| | | | 12-31-13 |

| Signature of Employee | Signature of Principal/Administrator (Employee not required to obtain signature) | Date |
|---|---|---|
| Jocelyn Hemphill | | |

=== THIS CARD DOES NOT REPLACE A MEDICAL REPORT FROM YOUR DOCTOR ===

SEH-3 Part 1 (Rev. 1/09) Comm. Code 61602445418

▶ **SECTION II - AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION - ALL INFORMATION WILL BE KEPT CONFIDENTIAL**

☑ **FOR EMPLOYEE ILLNESS**
I, the undersigned, authorize the release of all information regarding this illness to the Office of Employee Health Services, for which I am requesting personal illness absence

Name of Employee: Jocelyn Hemphill
Social Security No. ___
Signature: Jocelyn Hemphill   Date: ___

☐ **FOR ILLNESS IN THE FAMILY**
Name of Employee: ___
Name of Family Member: ___
Relationship to Employee: ___

RECEIVED NOV 2013 EMPLOYEE HEALTH SERVICES

▶ **SECTION III - COMPLETED BY EMPLOYEE'S PHYSICIAN OR FAMILY MEMBER'S PHYSICIAN**

Name of Patient: Jocelyn Hemphill     Date of Last Visit: 10/5/13
I certify that the above patient is / was under my professional care from (date) 9/26/13 to 11/1/13.
The patient's diagnosis/diagnoses: anxiety
___ Disability From Pregnancy (EDD: ___ )

=== FORGERY OF PHYSICIAN'S SIGNATURE IS SUBJECT TO DISCIPLINARY ACTION ===

| Physician's Name: Mitchell A. Schwartzman    Telephone: 215-338-(66?) | Date employee may return to work (Do not indicate indefinitely) |
|---|---|
| Address: 6122 Torresdale Ave  City Phila  State Pa  Zip Code 19135 | |
| Signature: ___    Date: ___ | |

SEH-3 Part 2 (Rev. 1/09) Comm. Code 61602445418

NOTE: Top and bottom portions of this form must be filled out in their entirety and returned to Employee Health Services to insure continuation of salary.

| REQUEST ABSENCE FOR<br>PERSONAL ILLNESS / ILLNESS IN FAMILY | THE SCHOOL DISTRICT OF PHILADELPHIA<br>EMPLOYEE HEALTH SERVICES - SUITE 134<br>440 N. BROAD STREET - PHILADELPHIA, PA 19130 |
|---|---|

◆ A CARD MUST BE SUBMITTED FOR ABSENCES IN EXCESS OF 3 CONSECUTIVE DAYS- ONE CARD FOR EACH PAYROLL PERIOD, NOT TO EXCEED 10 DAYS.
◆ FAILURE TO SUBMIT CARDS MAY LEAD TO DISCIPLINARY ACTION.
◆ EMPLOYEES ON LONG-TERM ILLNESS/ILLNESS IN FAMILY MAY NOT LEAVE THE CITY WITHOUT PRIOR APPROVAL FROM EMPLOYEE HEALTH SERVICES.

▶ SECTION I.- (SECTIONS I AND II COMPLETED BY EMPLOYEE)

| Employee's Last Name | First Name | M.I. | Social Security No. | Date |
|---|---|---|---|---|
| Hemphill | Jocelyn | A. | | 11-26-13 |

| Home Address | City | State | Zip Code | Home Phone |
|---|---|---|---|---|
| 7171 N. 20th St. | Phila. | Pa. | 19138 | 215-224-1471 |

| Work Location (School/Office) | Organization No. | Position Title |
|---|---|---|
| | | Gen Cleaner |

| Number of Day Absent | From Date ( Month/Day/Year ) | To Date ( Month/Day/Year ) | Anticipated Date of Return |
|---|---|---|---|
| | | | 12-31-13 |

| Signature of Employee | Signature of Principal/Administrator (Employee not required to obtain signature) | Date |
|---|---|---|
| Jocelyn Hemphill | | |

=== THIS CARD DOES NOT REPLACE A MEDICAL REPORT FROM YOUR DOCTOR ===

SEH-3 Part 1 (Rev. 1/09) Comm. Code 61602445418

▶ SECTION II - AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION - ALL INFORMATION WILL BE KEPT CONFIDENTIAL

☑ FOR EMPLOYEE ILLNESS

I, the undersigned, authorize the release of all information regarding this illness to the Office of Employee Health Services, for which I am requesting personal illness absence

Name of Employee: Jocelyn Hemphill

Social Security No. _____-2446

Signature: Jocelyn Hemphill    Date:

☐ FOR ILLNESS IN THE FAMILY

Name of Employee:

Name of Family Member:

Relationship to Employee:

RECEIVED
NOV 2013
EMPLOYEE HEALTH SERVICES

▶ SECTION III - COMPLETED BY EMPLOYEE'S PHYSICIAN OR FAMILY MEMBER'S PHYSICIAN

Name of Patient: Jocelyn Hemphill    Date of Last Visit: 10/5/13

I certify that the above patient is / was under my professional care from (date) 9/26/13 to 11/15/13

The patient's diagnosis/diagnoses: anxiety

___ Disability From Pregnancy (EDD: _____ )

=== FORGERY OF PHYSICIAN'S SIGNATURE IS SUBJECT TO DISCIPLINARY ACTION ===

| Physician's Name: Mitchell A. Schwartzman | Telephone 215-338-1677 | Date employee may return to work<br>(Do not indicate indefinitely) |
|---|---|---|
| Address: 6122 Torresdale Ave City Phila. State Pa. Zip Code 19135 | | |
| Signature: | Date: | |

SEH-3 Part 2 (Rev. 1/09) Comm. Code 61602445418

NOTE: Top and bottom portions of this form must be filled out in their entirety and returned to Employee Health Services to insure continuation of salary.

| REQUEST ABSENCE FOR<br>PERSONAL ILLNESS / ILLNESS IN FAMILY | THE SCHOOL DISTRICT OF PHILADELPHIA<br>EMPLOYEE HEALTH SERVICES - SUITE 134<br>440 N. BROAD STREET - PHILADELPHIA, PA 19130 |
|---|---|

✦ A CARD MUST BE SUBMITTED FOR ABSENCES IN EXCESS OF 3 CONSECUTIVE DAYS- ONE CARD FOR EACH PAYROLL PERIOD, NOT TO EXCEED 10 DAYS.

✦ FAILURE TO SUBMIT CARDS MAY LEAD TO DISCIPLINARY ACTION.

✦ EMPLOYEES ON LONG-TERM ILLNESS/ILLNESS IN FAMILY MAY NOT LEAVE THE CITY WITHOUT PRIOR APPROVAL FROM EMPLOYEE HEALTH SERVICES.

▶ SECTION I - (SECTIONS I AND II COMPLETED BY EMPLOYEE)

| Employee's Last Name | First Name | M.I. | | Date |
|---|---|---|---|---|
| Hemphill | Jocelyn | | | 11-26-13 |

| Home Address | City | State | Zip Code | Home Phone |
|---|---|---|---|---|
| 7171 N. 20th St. | Phila. | Pa. | 19138 | 215-224-1471 |

| Work Location (School/Office) | Organization No. | Position Title |
|---|---|---|
| Bartsell | | Bar Cleaner |

| Number of Day Absent | From Date ( Month/Day/Year ) | To Date ( Month/Day/Year ) | Anticipated Date of Return |
|---|---|---|---|
| | | | |

| Signature of Employee | Signature of Principal/Administrator (Employee not required to obtain signature) | Date |
|---|---|---|
| Jocelyn Hemphill | | |

=== THIS CARD DOES NOT REPLACE A MEDICAL REPORT FROM YOUR DOCTOR ===

SEH-3 Part 1 (Rev. 1/09) Comm. Code 61602445418

▶ SECTION II - AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION - ALL INFORMATION WILL BE KEPT CONFIDENTIAL

☑ FOR EMPLOYEE ILLNESS      ☐ FOR ILLNESS IN THE FAMILY

I, the undersigned, authorize the release of all information regarding this illness to the Office of Employee Health Services, for which I am requesting personal illness absence.

Name of Employee: Jocelyn Hemphill

Social Security No. _____-3446

Signature: Jocelyn Hemphill   Date:

Name of Employee: 

Name of Family Member:

Relationship to Employee:

RECEIVED NOV 2013 EMPLOYEE HEALTH SERVICES

▶ SECTION III - COMPLETED BY EMPLOYEE'S PHYSICIAN OR FAMILY MEMBER'S PHYSICIAN

Name of Patient: Jocelyn Hemphill          Date of Last Visit: 10/5/13

I certify that the above patient is / was under my professional care from (date) 9/26/13 to 11/29/13

The patient's diagnosis/diagnoses: anxiety

___ Disability From Pregnancy (EDD: _____)

=== FORGERY OF PHYSICIAN'S SIGNATURE IS SUBJECT TO DISCIPLINARY ACTION ===

| Physician's Name: Mitchell A. Schwartzman   Telephone: 215-338-6677 | Date employee may return to work (Do not indicate indefinitely) |
|---|---|
| Address: 6122 Torresdale   City: Phila.   State: Pa   Zip Code: 19135 | |
| Signature: _____   Date: _____ | |

SEH-3 Part 2 (Rev. 1/09) Comm. Code 61602445418

# EXHIBIT "E"

Received Time Jan. 16. 2014 4:39PM No. 0795

# THE SCHOOL DISTRICT OF PHILADELPHIA
## EDUCATION CENTER
### 440 N. BROAD STREET, ROOM 151
### PHILADELPHIA, PENNSYLVANIA 19130

**OFFICE OF HUMAN RESOURCES**
Employee Hearings

**TELEPHONE (215) 400-5353**
**FAX (215) 400-4643**

January 6, 2014

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Ms. Jocelyn Hemphill
7171 N. 20th Street
Philadelphia, PA  19138

ID#: 49286
General Cleaner
Roosevelt Elementary School

Dear Ms. Hemphill:

This is to advise you that the Office of Human Resources shall recommend that the School Reform Commission terminate your employment with The School District of Philadelphia, effective immediately. The School District's Payroll Department shall be advised to make the necessary salary adjustments. The charges against you constitute just cause pursuant to the collective bargaining agreement and, in addition, constitute a willful violation of or failure to comply with the school laws of this Commonwealth, and other improper conduct such as to constitute cause pursuant to 24 P.S., Section 5-514 of the Public School Code of 1949. The above charges are based on your conduct set forth below:

You were hired on March 25, 2002.

On November 14, 2013, Ms. Kenney requested that Mr. Theodore Bywalski, Hearing Officer, schedule a hearing for you for: Violation of School District sick leave policy.

On November 20, 2013, you were notified that the hearing had been scheduled for November 26, 2013. Mr. Bywalski's letter informed you that you were entitled to union representation and that if you did not appear for your hearing, based on the testimony and documents presented, a decision would be made in your absence.

Mr. Bywalski conducted the hearing on November 26, 2013. Also present were Ms. Kenney and Mr. James Whitehead, 32 BJ District 1201 Representative. Ms. Kenney presented documentation and testimony that established the following:

- You began to be absent for long term illness effective September 25, 2013.
- You failed to appear for scheduled evaluations by the Medical Director, EHS, on October 30 and November 8, 2013.
- You were put in no pay status effective November 4, 2013.

As a result of the hearing and based in part on you having submitted one mandated sick card that covered the first pay period of your absences, you were afforded the opportunity to provide additional medical documentation by December 6, 2013. You submitted a note from your doctor that was insufficient to substantiate the necessity for your absences. EHS advised Mr. Whitehead that the note you submitted was not sufficient, but you have failed to provide any additional medical documentation.

Based on your violation of School District sick leave policy, Ms. Kenney recommended that you be terminated from employment with the School District of Philadelphia.

Received Time Jan 16 2014 4:39PM No 0795

Jocelyn Hemphill, page 2

   If you wish to appeal this decision, you must act within ten (10) days of receipt of this letter by either (1) submitting a timely written request for a School Reform Commission hearing on your appeal, addressed to Michael A. Davis, General Counsel to the School District of Philadelphia, 440 N. Broad Street, Third Floor, Philadelphia, PA 19130, or, (2) requesting your union to follow the collective bargaining agreement grievance procedure applicable to you. NOTE: You may choose one or the other of these appeal procedures, but not both.

   Should you choose not to appeal in a timely fashion, your dismissal will be processed and submitted to the School Reform Commission for affirmation by formal resolution of the Commission.

Very truly yours,

Naomi Wyatt
Chief Human Resources Officer

/ls

c: C. Kenney, K. Moore, Principal, Michael A. Davis, Esq., District 1201, unemployment, Benefits, Employee Relations, Audit Services, Payroll, Human Resources, Records, Regular Mail